UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOHN RICHARDSON,

        Petitioner,            2:13-cv-01297-TC

        v.                  FINDINGS AND
                               RECOMMENDATION

MARK NOOTH,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of
Corrections (ODOC) pursuant to a Judgment dated August 17,
2010, from the Lane County Circuit Court after a conviction
for Sexual Abuse in the First Degree. Exhibit 101.  Following
a guilty plea, petitioner was sentenced to 75 months
imprisonment. Id.

    Petitioner did not file a direct appeal.  Petitioner
filed a petition for post-conviction relief, but the Malheur

1 - FINDINGS AND RECOMMENDATION

County Circuit Court denied relief, Exhibit 120, the Oregon
Court of Appeals affirmed without opinion, and the Oregon
Supreme Court denied review. Exhibits 121-125.

Petitioner filed a petition for habeas corpus relief
under 28 U.S.C. § 2254 alleging two grounds for relief.
Petition (#1). P. 6.   Respondent argues "[f]irst, relief
should be denied on Grounds One and Two insofar as they are
federal claims that were presented to the Oregon state courts,
as they were denied in a decision that was neither 'contrary
to," nor 'unreasonable applications of," United States Supreme
Court precedent.   Second, petitioner's claims are without
merit. Response (#19), p 1-2.

Under the Antiterrorism and Effective Death Penalty Act
("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only
when a state court's decision was "contrary to, or involved an
unreasonable application of, clearly established Federal law,
as determined by the Supreme Court of the United States" or
"was based on an unreasonable determination of the facts in
light of the evidence presented at the state court
proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S.
510, 520 (2003).

A state court's decision is "'contrary to' federal law if
it fails to apply the correct controlling Supreme Court
authority or comes to a different conclusion ... [from] a case

involving materially indistinguishable facts." <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing <u>Bell v. Cone</u>, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's

performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. Id.

Petitioner alleges:

**Ground One**: Denial of effective assistance of counsel.
**Supporting Facts** I only saw counsel twice (both times less than ½ hour) before I was advised to take the plea. I was only given 24 hours to consider the plea and I did not understand how sentencing could work if I went to trial. Counsel failed to interview, investigate, or review my seven pages of handwritten notes defending my case. Since counsel advised I had two choices, it forced me to accept a plea under extreme duress. I was told that facts regarding the alleged victim and original complainant weren't admissible in court, when I was told later by another attorney that they were.

**Ground Two**: Conviction obtained by a plea of guilty which was not voluntarily made with an understanding of the nature of the charge and the consequences of the plea.
**Supporting Facts**: I asked for my guilty plea to be reversed before sentencing because I realized I did

4 - FINDINGS AND RECOMMENDATION

not understand the potential outcome of a trial
because I'd been given incomplete and inaccurate
advice from counsel.  Therefore, I'd actually made
the plea under extreme duress and not voluntarily.
I'd been advised by counsel that my choices were to
take the plea or face 25 years in prison if I went
to trial.  The complexities of sentencing were not
described to me and counsel made it clear that the
alleged victims in these cases virtually always win
whether deserved or not.  I was not made familiar
with defense options that I'd been denied until the
plea went to sentencing and another attorney shared
important missing facts which led me to ask for a
reversal of plea and the right to fight for my
innocence in trial.

Petition (#1) p. 6

Although Ground Two alleges "involuntary plea," the

supporting facts indicate that petitioner's claim is that the

plea was involuntary because of ineffective assistance of

counsel.  The two claims petitioner presented to the Oregon

Supreme Court were claims alleging ineffective assistance of

counsel. Petitioner did not "fairly present" a due process

claim to the Oregon Supreme Court.  Thus, to the extent

petitioner seeks to allege a due process claim in Ground Two,

that claim is procedurally defaulted. *See*, <u>Keeney v. Tomayo-</u>

<u>Reyes</u>, 504 U.S. 1, 10 (1992); <u>O'Sullivan v. Boerckel</u>, 526

U.S. 838, 844-45 (1999).

Even if petitioner's state court pleadings can be

construed as "fairly presenting" a due process claim, it

fails on the merits for the reasons discussed below.

Petitioner alleged claims relating to the advice of

5   - FINDINGS AND RECOMMENDATION

counsel regarding his plea in his Petition for Post-
conviction Relief and the PCR court addressed those claims as
follows:

> Petitioner has not proven any deficiencies in
> counsel's representation. Even if inadequacies were
> shown, petitioner has not proven that anything was
> prejudicial to the defense
> Petitioner has not proven that defense counsel
> was not properly prepared.  He has not shown that
> he was not advised of the rights and consequences
> of his plea and the right to trial.  The court
> finds more persuasive the affidavit of defense
> counsel that he had discussed in detail the right
> to trial and the risk petitioner faced.
> Petitioner had an extensive colloquy [with]
> the judge who took the plea of guilty.  The
> petitioner admitted that he reviewed an extensive
> discussion with defense counsel who explained it to
> him.  The petitioner admitted clearly that he knew
> what he was doing.  The petitioner admitted to the
> [change of plea] that he had committed the acts
> alleged.
>
> ***
>
> The petitioner certainly faced the risk of a
> much longer sentence if he went to trial and lost.
> He has not proven any probability that he would
> have won at trial, nor that he would have probably
> received concurrent sentences.  There was  evidence
> that the alleged acts, including the crime to which
> petitioner admitted, indicated a willingness to
> engage in additional criminal acts.

Exhibit 120, at 1-3.

The PCR court's factual findings are presumed to be
correct because petitioner has not presented any "clear and
convincing evidence to the contrary." 28 U.S.C. § 2254(d)(2).
In addition, I find that the PCR court's finding that counsel
was not deficient and that petitioner was not prejudiced by

counsel's performance is entitled to deference by this court because it is not an unreasonable application of *Strickland* or of clearly established federal law governing the validity of guilty pleas.

The clearly established federal law that governs the validity of guilty pleas was set forth in <u>Brady v. United States</u>, 397 U.S. 742 (1970) which held that to be valid a guilty plea must be knowing and voluntary in view of all the relevant circumstances surrounding the plea.  There is "no fixed colloquy, no set of sequence or number of questions and answers, no minimum length of the hearing, no Talismanic language that the judge is required to use." <u>Stewart v. Peters</u>, 958 F.2d 1479, 1384 (7th Cir. 1992).  A plea is valid if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985).

When a guilty plea is challenged in a collateral proceeding, a presumption of veracity is given to the plea proceeding record. <u>Blackledge v. Allison</u>, 431 U.S. 73, 74 (1977).  Representations made by a defendant as well as any findings made by the judge accepting the plea, "constitute a formidable barrier . . . Solemn declarations in open court carry a strong presumption of veracity." *Id.*

As set forth above, the PCR court found that petitioner

7  - FINDINGS AND RECOMMENDATION

indicated on the record that he understood the rights that he would be giving up by entering the guilty plea, that he had had enough time to talk to his attorney about his options, and that he had weighed all of his alternatives. Exhibit 103, at 2-3. Petitioner was advised of the mandatory minimum sentence for the Measure 11 crime he was pleading guilty to and admitted he had subjected a child under the age of 14 to sexual contact. *Id.*

The PCR court's findings are supported by petitioner's representations to the trial court and are consistent with petitioner's trial counsel's affidavit to the PCR court. *See,* Exhibit 114, at 1. The PCR court found counsel's affidavit credible. Exhibit 120, at 2.

I find that the facts of record clearly establish that petitioner's guilty plea was knowing and voluntary under *Brady* and other federal law governing the validity of pleas. Petitioner has failed to establish that trial counsel was ineffective in his assessment and advice to petitioner regarding the plea or gave petitioner incorrect advice concerning the possible consequences of the plea.

Moreover, I find that petitioner has failed to prove that he was prejudiced by counsel's action, as the record before the PCR court does not support an inference that there was a reasonable probability that petitioner would have proceeded to

8  – FINDINGS AND RECOMMENDATION

trial but for counsel's error. *See*, <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Based on all of the foregoing I find that the PCR court's finding that petitioner's counsel was not ineffective was not an unreasonable application of *Strickland* and is entitled to deference by this court and correct on the merits.

Petitioner's Petition (#2) should be denied. The Clerk of the court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 19 day of December, 2014.

_____
Thomas M. Coffin
United States Magistrate Judge